RILEY v. RILEY.

DECREE IN EQUITY — CONFLICTING EVIDENCE.— Where the evidence in the trial court is conflicting, but sufficient to sustain the findings and decree, the supreme court will not interfere.

*Appeal from Superior Court of Denver.*

Messrs. G. W. MILLER and J. A. PERRY, for appellant.

Messrs. MARKHAM & DILLON, E. A. CLARK and BARTELS & BLOOD, for appellee.

REED, C. This suit was brought by the appellee against his brother, the appellant, to recover one-half of $2,400 received by him for grading done on the Denver & South Park Railroad. The contract for the grading was signed by appellant alone. Appellee claimed to be an equal partner, and entitled to one-half of the proceeds of the work. The only question that was to be determined was that of the alleged partnership. The case was heard before the court, the testimony being oral, and a decree entered finding that the partnership had existed, and that appellee was entitled to receive from the appellant $1,200 and interest.

The only assignment of error relied upon in argument is the third, as follows: "The evidence is wholly insufficient to justify the findings and decree of the court."

The question tried and determined by the court, and brought here for review, was purely one of fact. The evidence was very conflicting and contradictory. There was sufficient evidence to warrant the finding and decree, but it cannot be said that there was any great preponderance of evidence in favor of the finding. Under such circumstances, the finding will not, according to the well-settled rule of this court, be disturbed. Counsel for appellant insists in argument that the court erred in allowing interest on the amount decreed. No good reason is shown why appellant should not have been chargeable with interest for withholding the money. The court may have found from the evidence that the money was unreasonably and vexatiously withheld, and that interest was properly chargeable under the statute.

The decree should be affirmed.

RICHMOND and PATTISON, CC., concur.

PER CURIAM. For the reasons stated in the foregoing opinion the judgment of the court below is affirmed.

*Affirmed.*